DELGADO, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador interino de la Propiedad de Caguas, denegando la inscripción de una escritura de venta.

No. 250.—Resuelto en noviembre 9, 1915.

INSTRUMENTOS PÚBLICOS—FIRMA DE LOS OTORGANTES—DEBER DEL NOTARIO CUANDO UPO DE LOS OTORGANTES NO SUPIERE O NO PUDIERE FIRMAR.—Cuando en el otorgamiento de una escritura pública uno de los otorgantes no supiere o no pudiere firmar, para que lo pueda hacer a su nombre un testigo, es el deber del notario autorizante en cumplimiento de la sección 14 de la Ley Notarial de 8 de marzo de 1906, expresarlo así en el documento y cuando esta formalidad no se ha llenado, carece la firma del testigo de eficacia alguna. La manifestación del testigo de que firma a nombre del otorgante por imposibilidad física de éste no suple la omisión del notario de que no podía o no sabía firmar.

ID.—FALTA DE LA FIRMA DE UNO DE LOS OTORGANTES—NULIDAD DEL DOCUMENTO.—La falta de la firma de una de las partes cuando deba hacerlo por no expresar el notario que no sabe o no puede firmar, vicia de nulidad el documento según la sección 20 de la Ley Notarial.

ID.—DEBER DEL NOTARIO EN LA REDACCIÓN DE DOCUMENTOS.—Los notarios, en la redacción de los documentos públicos, deben sujetarse estrictamente a los preceptos de ella y no proceder caprichosamente con perjuicio de los derechos de las partes interesadas.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Caguas escritura de venta de cierta parcela de terreno otorgada ante el Notario Rafael Arce Rollet en 10 de julio, 1913, por Juan Lozada Ródríguez a favor de Plácido Delgado Aponte, el registrador denegó dicha inscripción por medio de la nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, por observarse la contradicción de que expresándose en el documento referido, por el notario autorizante, que las partes u otorgantes firmaron y ratificaron la escritura, aparece firmando a ruego del otorgante Juan Lozada Rodríguez, por imposibilidad física, el testigo Canuto López, sin que el notario haga constar los extremos indicados, conforme previene la sección 14 de la Ley Notarial vigente y la doctrina establecida en la resolución dictada por el Honorable Tribunal Supremo de Puerto Rico, en el caso 121 de *Villanueva et al.* v. *El Registrador de la Propiedad,* resuelto en octubre 23 de 1912; extendiéndose en su lugar la correspondiente anotación preventiva por el término legal de 120 días a favor del comprador Don Plácido Delgado y Aponte, al folio 193 vuelto, del tomo 43 de esta ciudad, finca número 2059, anotación letra A. Caguas, P. R. 20 de agosto de 1915. (Firmado) Joaquín Vendrell, Registrador Sustituto."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por el comprador Plácido Delgado Aponte.

El documento de referencia concluye en los siguientes términos:

"Así lo dicen y otorgan, por ante los testigos, vecinos de esta localidad y sin excepción legal, Don Canuto López y Don Arcadio Almena Quiñones.

"Leída que les fué esta escritura, porque renunciaron, al advertírseles, el derecho que tenían de hacerlo por sí, se ratificaron y firman.

"ADVERTENCIAS

"Yo, el Notario, hice a las partes todas las relacionadas con el presente contrato.

"Doy fe de conocer a los otorgantes; y respecto de su edad, estado, profesión y vecindad, así como de todos los demás particulares de esta escritura, doy igualmente fe, en la forma que previene la Legislación vigente. Firmados. Como testigo y a nombre de Don Juan Lozada Rodríguez por imposibilidad física, Canuto López. Plácido Delgado Aponte. Arcadio Almena Quiñones. (Signado) Rafael Arce, Abogado Notario."

En el cuerpo del documento no se hace la más ligera indicación de que el otorgante Juan Lozada Rodríguez no supiera o no pudiera firmar.

Examinando la nota recurrida en relación con las secciones 14 y 20 de la ley para regular el ejercicio de la profesión notarial en Puerto Rico aprobada en 8 de marzo, 1906, la encontramos ajustada a derecho.

Transcribimos esas secciones:

"Sección 14.—Si los otorgantes o alguno de ellos no supiere o no pudiere firmar, lo expresará así el notario, debiendo firmar uno de los testigos, escribiendo de su puño, en antefirma, que lo hace por sí como testigo, y a nombre del otorgante, que no sepa o no pueda verificarlo."

"Sección 20.—Serán nulos los instrumentos públicos:

"1. *    *    *    *    *    *    *

"2. *    *    *    *    *    *    *

"3. En que el notario no certifique sobre el conocimiento de los otorgantes, o no supla esta diligencia con testigos de conocimiento, o en que no aparezcan las firmas de las partes y testigos cuando deban hacerlo, y la firma, signo y rúbrica del notario."

El notario autorizante, Rafael Arce, en cumplimiento de la sección 14 que dejamos transcrita, debió expresar en el documento que el otorgante Juan Lozada Rodríguez no podía firmar para que lo pudiera hacer a su nombre el testigo Canuto López, y no habiendo llenado el notario dicha formalidad, la firma del testigo López carece de eficacia alguna legal. Su manifestación, de que firma a nombre de Juan Lozada Rodríguez por imposibilidad física, no puede suplir la omisión del notario de que no podía firmar. Ante esa omisión el otorgante Juan Lozada Rodríguez era quien debía firmar el documento y la falta de su firma lo vicia de nulidad, según la sección 20 que en la parte atinente dejamos transcrita. Obsérvase además la contradicción manifiesta que consigna el registrador en su nota.

Por tener alguna relación con el presente caso, podemos citar nuestras decisiones en los casos de *Rodríguez* v. *El Registrador de Ponce* y *Villanueva et al.* v. *El Registrador de Arecibo,* 14 D. P. R. 738 y 18 D. P. R. 831, respectivamente.

Los notarios en la redacción de los documentos públicos deben sujetarse estrictamente a los preceptos de la ley y no proceder caprichosamente con perjuicio de los derechos de las partes interesadas.  Las leyes se dan para cumplirse y no es lícito sustituir su letra con prácticas arbitrarias generadoras de litigios.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.